# CHARLESTON.

PARKERSBURG NATIONAL BANK v. NEAL et al.

Submitted June 21, 1886—Decided November 6, 1886.

1. Until the term ends, every judgment or decree entered may for good reason be modified or set aside in whole or in part. The court has a discretion to do this, in the exercise of which this Court will not interfere except for the most cogent reasons (p. 749.)

2. The 1st, 2d, 3d and 4th points in *Cox* v. *Wayt*, 26 W. Va. 807, approved and re-affirmed. (p. 750.)

3. A deed, executed before judgment had been obtained against the grantor, under which the purchaser had paid the purchase-money and had been put in possession, but which was not recorded, until after the judgment was obtained, is void as against such creditor, and the land thereby conveyed is subject to satisfy the judgment. (p. 750.)

4. When the conveyance is by an unrecorded deed, and the vendee has held the property adversely for the period of ten years, before a judgment is recovered against the grantor, the land can not thereafter be subjected to the lien of such judgment. As soon as such deed is made and delivered, though unrecorded, the holding thereunder will be adverse to the world ; but no adverse possession proven as against the grantee or his creditors can be founded on an executory contract of purchase. (p. 751.)

*J. B. Jackson* for appellant.

*W. L. Cole* and *W. N. Miller* for appellee.

JOHNSON, PRESIDENT :

This is a suit brought by the Parkersburg National Bank to enforce the lien of a certain judgment recovered against the defendants, B. T. Neal and D. R. Neal, at the March term of the circuit court of Wood county in the year 1879 for $1,251.50 with interest and costs. A bill was filed by the plaintiff in the said circuit court at May rules, 1880, setting up said judgment-lien in its favor and showing, that the same had been docketed on the 7th day of June, 1879. The bill alleges, that defendant, B. T. Neal, was seized and possessed

in fee simple of the one fourth undivided interest in a house and lot on Juliana street in the city of Parkersburg; that he was the owner of two other parcels of land situated in the said city and county of Wood, one on the northwestern turn-pike in Haller's addition to said city, and conveyed by A. G. Leonard to C. J. Neal, and from C. J. Neal to B. T. Neal, the other on Ohio street in said city; that the deed from C. J. Neal to B. T. Neal was not signed and acknowledged by the wife of C. J. Neal, and she is entitled to dower therein. The plaintiff prays, that said property may be sold to pay said judgment. The exhibits accompany the bill.

On the 17th day of June, 1880, the case was referred to a commissioner to ascertain what real estate B. T. Neal owned, the liens thereon and their priorities. The commissioner re-ported certain property and said as to the lot on the North-western Pike, that "it was on the 23d day of October, 1865, after the execution and recordation of the said deed exhibited, (from C. J. to B. T. Neal) conveyed by deed from C. J. Neal and wife to Samuel Stewart,—deed recorded No-vember 13, 1865, in the clerks' office of Wood county court in deed-book No. 25, 186.  *  *  Upon inspection of said deed your commissioner finds that C. J. Neal and wife signed and acknowledged the same, but it appears that B. T. Neal who was a party to the deed never acknowledged the same, although his name appears to be signed thereto." The com-missioner reported as first in priority a judgment in favor of Jacob McVay against Showerby & Bro., B. T. Neal and John W. Peadro, on which was an unpaid balance of $493.76, and as second in priority the plaintiff's judgment against Neal. No other liens were reported. The defendants not appear-ing, on the 31st day of July, 1883, a decree was rendered confirming the commissioner's report and appointing a com-missioner to sell the real estate. Before the end of the term the defendant, Samuel Stewart, filed his petition asking, that said decree on bill so taken for confessed be set aside, and he be permitted to answer, stating in his petition as a reason, that he supposed his interests could not be affected by any decree entered in the cause, and he was so advised by coun-sel. During the same term on this petition the said decree was by the court set aside so far and so far only, as it directed

the sale of the lot on the Northwestern Pike, claimed by Samuel Stewart.

The plaintiff filed an amended bill, in which it was alleged, that on the 13th day of November, 1865, there was placed on record a deed purporting to be signed by C. T. Neal and wife and B. T. Neal, conveying the property on the Northwestern turnpike to Samuel Stewart; that said deed was not acknowledged by said B. T. Neal, and plaintiff did not know, whether it was signed by him or not. The plaintiff charged, that its judgment was a lien on said lot, and that said deed was void as to the plaintiff's judgment. It also set up the McVey judgment and alleged, that the rents and profits of the real estate of B. T. Neal would pay the liens thereon in five years, &c. The case was referred to Commissioner Snodgrass, who made another report, in which he reported the lot on the Northwestern pike subject to said liens "subject to the decision of the court," and reported the same two judgments as liens in the same order of priority. A second amended bill was filed. Samuel Stewart answered the original and both amended bills, and in his answer he admits the execution of the deed of October 9, 1865, from C. J. Neal to B. T. Neal; avers that on the 23rd day of October, 1865, he purchased the lot on Northwestern pike included in said deed of October 9th, from C. J. Neal and paid him the purchase-money therefor, and that C. J. Neal and wife and B. T. Neal signed, sealed and acknowledged said deed; that said B. T. Neal did this for the purpose of selling and conveying to defendant such title, as had been vested in him by the deed of October 9th; denies that said deed was not legally acknowledged by said B. T. Neal and duly admitted to record as to him; avers, that it was acknowledged before G. K. Leonard, then recorder of Wood county, on the 13th day of November, 1865, and the same day on his acknowledgment was admitted to record, as will fully appear from a certified copy filed as exhibit "H." with the bill; that the said deed properly acknowledged by the grantor was delivered to the said recorder of Wood county and was left with him for record, and, if he failed properly to record the same, the defendant is advised his rights can not be prejudiced by such failure; that at the time said deed was so acknowledged

by said B. T. Neal, said recorder made a memorandum or certificate thereof in his own handwriting upon the said deed but did not record said certificate or memorandum, and respondent avers, that the recorder was not required by law to write upon the deed or elsewhere and record any certificate of the acknowledgment of said deed by said B. T. Neal; the office of the recorder was in this particular judicial, and upon acknowledgment of the deed by said Neal before him, or the proof of the execution of it by said Neal, as required by statute, it was his duty to admit *the deed* to record and he certifies upon the record, that said deed was duly acknowl. edged and admitted to record. He denies that said deed is void as to the judgments against B. T. Neal. He avers, that after said purchase he at once took actual possession of said property and has remained in open, exclusive, continuous possession ever since by himself and those claiming under him, and for more than ten years next preceding the date of the alleged recovery of the property by complainant he had been in such possession. He avers, that B. T. Neal was not the owner of the said lot; that at most he was but the holder of the naked legal title, that he paid nothing for it, that C. J. Neal made his son his agent to sell said lot and conveyed it to him, that he might make the sale for him, &c.

It is shown by the deed from C. J. Neal and wife and B. T. Neal, that it was placed on record without any acknowledgment of B. T. Neal. The proof shows, that on the original was a memorandum as follows, in the handwriting of the recorder: "Ack. by B. T. Neal, 13th November." There is no satisfactory evidence in the record, that the lot did not in truth and fact belong to B. T. Neal. On the 27th day of July, 1885, the cause was finally heard, and the court being of opinion, that the lot claimed was not subject to the judgment-liens in the hands of Samuel Stewart, (the property on the Northwestern Pike), dismissed the amended bill with costs.

From this decree the plaintiff appealed.

The first error assigned is the setting aside of the said portion of the decree of July 31, 1883. For any good and sufficient reason, the court might have set aside said decree *in toto*. It was a matter of discretion in the court to modify

it or set it aside in whole or in part; and it was the exercise of such a discretion, with which this Court will not interfere except for the most cogent reasons. We think in this case the discretion was properly exercised.

Was the deed for the lot on the "Pike" a recorded deed? The registration of a deed is a matter of record, and the record is composed of the instrument itself with the indorsements showing its proofs of acknowledgment and 'admission to record, all of which are copied into the deed-book, and a transcript therefrom or from the original is, as well as the original, evidence for and against all persons. (*Carper* v. *McDowell*, 5 Gratt. 233.) This Court decided in *Cox* v. *Wayt*, 26 W. Va. 807, that, where the execution of a deed had not been proved or acknowledged in the manner prescribed by law, and in this condition the deed is copied by the clerk on the record-book, it is not "duly admitted to record" and is not a recorded deed, and such deed is void as to subsequent purchasers for valuable consideration without notice. The deed of B. T. Neal to Stewart does not appear, as required by the statute, to have been acknowledged, and no certificate of acknowledgment is recorded with the deed. It is therefore not a recorded deed.

Of course, if a deed had not been acknowledged at all, it is good between the parties, but it is by statute declared to be void as to creditors, until it is duly admitted to record. Unless therefore there is something, that will protect this lot in the hands of Stewart other than the mere fact, that he received a deed for the lot good between him and Neal, it is subject to the plaintiff's judgment. The defendant relies on the statute of limitations for his protection. Does it apply in a case of this kind? Every presumption should be made in favor of possession in subordination of the true owners. (*Jackson* v. *Sharp*, 9 Johns. 163, S. C. 6 Am. Dec. 267). The purchaser of real estate under an executory contract can not question the title of his vendor; nor can he hold adversely, until he has performed the conditions of his agreement to purchase, so as to entitle him to a conveyance. When the consideration is paid, the agreement is tantamount to a deed as the foundation of an adverse possession. This was so held in *Forgate* v. *Herkimer Mon. & Hydraulic Co.*, 12 Barb.

352; *Kellogg* v. *Kellogg*, 6 Barb. 116; *Vrooman* v. *Shepherd*, 14 Barb. 141. In our State, not until a deed has been made, because the possession of a purchaser under an executory contract is not adverse to his vendor, although he has paid all the purchase-money and used and occupied the land for his exclusive benefit. His contract being executory and made in contemplation of a conveyance of the legal title recognizes the title in his vendor, and his holding will be regarded as insubordinate thereto and not adverse. (*Core* v. *Faupel*, 24 W. Va. 238).

Where the purchaser is in possession under a complete legal title, such as a deed purporting to convey the land, he will be considered as holding adversely to all persons. (*Core* v. *Faupel*, *supra*.) Now it cannot be seriously contended, that Stewart was holding under an executory contract from Neal. He was holding his possession under a deed purporting to convey the land from B. T. Neal to him. A holding under such a title, says this Court in *Core* v. *Faupel*, is "adverse to all the world," which would of course include the grantor and the creditors of the grantor certainly. The statute says, such a deed unrecorded is void as to creditors. Granted; but it was sufficient to be a basis for an adverse possession, and Stewart held it adversely to all the world, at least from the 4th day of July, 1868, and at that time Stewart's title by adverse possession had so ripened that it was good against the world and can not be affected by any judgment recovered against the grantor after ten years of such holding. In this case the analogy to the statute of limitations is complete. Will it do to say, that no lapse of time will bar the right to subject lands, conveyed by a judgment-debtor, from judgments recovered against him? After the grantee has held the property for ten years adversely, no judgment recovered against the grantor can be enforced upon the land. The decree of the circuit court is affirmed.

Affirmed.