# CHARLESTON.

FRANKLIN v. T. H. LILLY LUMBER CO.

Submitted March 2, 1909. Decided November 9, 1909.

1. PLEADING—*Bill of Particulars—Time of Filing.*
    Plaintiff is not obliged to file his bill of particulars at the same time he files his declaration, but may do so at the term of court at which the case is tried, unless ordered sooner to do so by the court, or the judge in vacation. (p. 166).

2. APPEARANCE—*Waiver of Process.*
    An appearance and pleading to the general issue is a waiver of process and service. (p. 166).

3. PLEADING—*Matters Admissible Under General Issue—Recoupment.*
    Recoupment is a defense which may properly be made under the general issue upon notice given; it is not a matter to be pleaded formally. (p. 166).

4. MASTER AND SERVANT—*Discharge of Servant—Failure to Perform Services with Reasonable Skill.*
    A master may discharge his servant for failure to perform, in a reasonably skillful manner, the services he engaged to perform. But reasonable skill is all that is required, unless the servant professes a higher degree of skill, and contracts to perform the work in the best manner. (p. 168).

5. SAME—*Discharge of Servant—Waiver of Right to.*
    A contract for services contains the following clause, viz:

"This contract is only void by some providential hinderance, or matters that are strictly beyond the control of either party, and to remain in full force for the term of five years." *Held* not to be a waiver by the master of his right to discharge the servant for want of reasonable skill to do the work he had contracted to do. (p. 168).

6.  CONTRACTS—*Construction—Questions of Law or Fact.*
It is the province of the court, and not of the jury, to interpret a written contract.   (p. 168).

Error to Circuit Court, Summers County.
. *Assumpsit* by George P. Franklin against the T. H. Lilly Lumber Company and another. Judgment for plaintiff, and defendants bring error.

*Reversed and Remanded.*

*Wm. H. Sawyers* and *E. C. Eagle,* for plaintiffs in error.

*T. G. Mann* and *T. N. Read,* for defendant in error.

WILLIAMS, JUDGE:

Plaintiff was employed by defendant "to work in the capacity of buyer, inspector, and salesman in the buying, inspecting and selling of lumber, or office work; any part and all to be directed by the T. H. Lilly Lumber Co. from time to time," for a period of five years from the 8th of April, 1905, in consideration of the sum of $5,000.00, and legitimate expenses. He brought an action of *assumpsit* in the circuit court of Summers county alleging that he was discharged in August, 1905, without cause and in violation of the contract of his employment; and recovered a verdict and judgment for $219.00.    To this judgment defendants obtained a writ of error.

The first error assigned is that there was no original process upon the amended declaration as to the defendant T. H. Lilly. The action was first brought against T. H. Lilly alone, doing business in the name of the T. H. Lilly Lumber Company. He filed a plea in abatement for the non-joinder of E. W. Lilly who, he alleged, was his partner. There was a demurrer to this plea which was overruled, and the plaintiff was permitted to amend his declaration at bar, by inserting the name of the omitted partner; and the court directed process to issue against him returnable to rules.    It is insisted that process should have issued

° .66 W. Va.

against T. H. Lilly also, summoning him to answer the amended declaration. We do not think the omission to do so was error, but it is not necessary to decide whether, or not, this was error, because the record shows that both defendants appeared and plead to the amended declaration. This cured all errors, if any, for want of process or service.

The second assignment is that the demurrer to the amended declaration was improperly overruled. This was not error. The amended declaration states a good cause of action.

Third. It is insisted that defendants' objection to the filing of plaintiff's bill of particulars was improperly overruled. The record shows that the bill of particulars is sufficiently definite to give notice of what plaintiff intended to prove. It was not filed, however, until issue was joined. Plaintiff had a right to file it at any time before trial; and it is no ground for rejecting it that it was not filed at the time of filing his declaration. If the filing of it at the trial was a surprise to defendants, they had a right to a continuance of the case. But, not having asked for a continuance, they can not complain.

The fourth error assigned is that there was no issue joined on the defendants' claim to recoup damages, and that it was improper to swear the jury to try the "issues" joined when there was but one issue which was on the plea of *non-assumpsit.* Recoupment is not a matter requiring a technical plea and joinder of issue thereon. It is a matter of defense under the general issue. Hoggs' Pl. & Forms, section, 263; *Sterling Organ Co.* v. *House,* 25 W. Va. 64; 25 A. & E. E. L. 549. It is not the proper subject of a technical plea.

The fifth assignment is that the court erred in not sufficiently designating what portion of plaintiff's answer to question No. 21 was stricken out, when, upon the defendants' motion it struck out, and directed the jury not to consider, a certain part of plaintiff's answer to said question. The answer shows that the first part of it is responsive to the question and relates to the conversation between plaintiff and the defendant T. H. Lilly; the latter part of the answer relates to what took place between the plaintiff and other persons; and the record shows that the "latter part of the answer" was stricken out and the jury directed not to consider it. This is sufficiently clear to designate the part excluded.

The sixth and seventh assignments are that the court erred in admitting improper evidence on behalf of the plaintiff, and excluding proper evidence offered by defendants. But our attention is not especially called to these alleged errors, either in petition or brief of counsel, and we have not discovered any such errors in the record.

The eighth point relied on is that the court erred in giving plaintiff's instructions Nos. 1 to 6 inclusive. Counsel rely especially upon Nos. 2 and 4 as containing errors. It is unnecessary to copy all of these instructions into this opinion. We will only point out the objectionable features appearing in them.

Instructions Nos. 2 and 5 are free from objection and, in our opinion, correctly state the law applicable to the case.

Instructions Nos. 1, 3, 4 and 6 are erroneous, because they, in effect, give a wrong construction to a certain clause in the contract of employment. The clause is as follows, viz: "This contract is only void by some providential hinderance, or matters that are strictly beyond the control of either party, and to remain in full force for the term of five years."

We do not think the parties meant, by the use of this clause, to waive the matter of plaintiff's competency to perform the services which he had undertaken; nor to insure his employment for the full term of five years, regardless of his qualifications to perform, with reasonable skill, the work which he had engaged to perform. There is always an understanding, or agreement, implied in law, that when one undertakes to perform services for another he is reasonably competent. Of course, he cannot be held to the highest degree of skill possible; but, nevertheless, he is held to a reasonable degree of skill; and, if the work is of such a character as involves the necessity for skill, or judgment, such, for instance, as the grading, buying and selling of lumber, as in the present case, he will be held to the exercise of such reasonable skill and judgment as would be exercised by a reasonably careful and prudent man in the performance of the same kind of work for himself. If the plaintiff did not, in fact, exercise reasonable skill and prudence, in the performance of his agreement he was guilty of a breach. It matters not whether the failure to employ such reasonable skill and prudence was the result of his natural inability, or of an

intentional disregard of the interests of his employers; the cause of his failure could make no difference, for, in either case, the effect upon defendants would be the same, and they would have a right to terminate the contract. We do not undertake to say whether, or not, the evidence proves such lack of competency; that is a matter for the jury upon proper instructions as to the law by the court. But these instructions take from the jury the consideration of the question of plaintiff's ability to perform, with reasonable skill, the labor he had undertaken. The words "or matters that are strictly beyond the control of either party to said contract," do not comprehend the question of plaintiff's skill, and do not oblige defendants to retain him in their employment if he lacks reasonable skill. In the present case, the supposed skill of plaintiff would seem to be the very reason for his employment; the inducement to the contract. His competency, or skill, is not a matter strictly beyond his control. If he is not reasonably competent, he is bound to acquire sufficient knowledge and skill as will make himself reasonably competent, or be liable to be discharged for want of it. 20 A. & E. E. L. 29; 26 Cyc. 989; *Crescent Horse-Shoe &c. Co.* v. *Eynon,* 95 Va. 151; *Glascow* v. *Hood et al.,* (Tenn.) 57 S. W. 162; *Bloom* v. *Shoe Mfg. Co.,* 31 N. Y. Sup. 517; *Lyon* v. *Pollard,* 20 Wall. 403.

The burden, however, of proving the want of such reasonable skill rests upon defendants, when they rely upon it as a justification of their discharging him.

Defendants also complain of the action of the court in refusing their instruction No. 10, and in modifying their instructions Nos. 3, 4 and 5, and giving them over their objection.

There was no error in refusing No. 10; it is bad. The clause in the contract providing that it shall be void only for "some providential hinderance" etc., is not, as said instruction states, "void from considerations of public policy and contrary to reason and justice."

It was error to modify defendants' instruction No. 3, and give it as modified. The modification made it confusing to the jury; it, in effect, left them to interpret the controverted clause in the contract. This was the province of the court, and not of the jury.

The change in defendants' instruction No. 4 was not a

material modification.  If plaintiff voluntarily quit the services of defendants because be became offended and was not in fact discharged, the cause of his becoming offended is not material, unless the cause was something amounting in law to a breach of the contract by defendants.

It was also error to amend defendants' instruction No. 5, and give it in the modified form.  As modified, it excludes from the jury the consideration of plaintiff's want of competency, or skill, as a just ground for his discharge.  It should have been given without modification.

It was not error to refuse defendants' instruction No. 6.  To constitute such a breach of an entire contract as will relieve the other contracting party from performance, it must be a breach of a material provision of the contract.  No. 6, as modified, is correct.

No error was committed in rejecting instructions Nos. 8 and 9.  There is no evidence on which to base either of them.

Lastly, it is insisted the court erred in refusing to set aside the verdict as being contrary to the law and the evidence.  Inasmuch as the case will have to be remanded for a new trial, for errors of law above pointed out, it is not necessary to discuss the evidence.

The judgment will be reversed, the verdict set aside and the case remanded for a new trial.

*Reversed and Remanded.*