# CHARLESTON.

DEO JIMERSON v. RALPH TINCHER.

Submitted September 7, 1921.   Decided September 13, 1921.

1.  DETINUE—Appropriate Action to Recover Personal Property Procured by Fraud.

    Detinue is an appropriate action to recover personal property from one who has procured it by fraud.   (p. 43).

2.  SAME—Owner of Personal Property May Recover it From Party Procuring it and in Possession Through Fraudulent Contract of Sale.

    An owner of personal property may maintain an action of detinue to recover the same from one who has procured it by

means of a fraudulent contract of sale, at least so long as such property remains in the possession of the party guilty of the fraud.   (p. 43.)

3.   APPEARANCE—*Defendant Demurring to Declaration Makes General Appearance and Waives Defects in Summons or Return of Service.*

A defendant, by demurring to a declaration, makes a general appearance thereto, and thereby waives any defects or irregularities in the summons, or the return of service thereof. (p. 44).

Case Certified from Circuit Court, Cabell County.

Action by Deo Jimerson against Ralph Tincher, in detinue, demurrer to declaration, and motion to quash summons overruled, and case certified.

*Affirmed.*

*Samuel Biern* and *John E. Biscoe,* for plaintiff.

RITZ, PRESIDENT:

The circuit court of Cabell county, having overruled a demurrer to the declaration in this action of detinue, as well as a motion to quash the summons,   certified the questions arising upon said demurrer and said motion to this court for its opinion thereon.

The suit has for its purpose the recovery of the possession of an automobile which it is claimed the defendant procured from the plaintiff through fraudulent representations and practices.    The declaration alleges that on the 27th of March, 1920, plaintiff delivered to the defendant the automobile in question upon what purported to be a sale by the said plaintiff to one S. R. Chittam, of the City of Charleston; that the defendant represented to the plaintiff that he was authorized by Chittam to purchase the automobile for him for the sum of seventeen hundred dollars, and delivered to the plaintiff the check of Chittam for that amount in payment therefor, which check was accepted and a bill of sale executed by the plaintiff to the said S. R. Chittam, and the automobile delivered to the defendant; that at the instigation and request of the said defendant plaintiff endorsed the said seventeen hundred dollar check of Chittam over to the defendant in

order that the defendant might procure for the plaintiff certain mineral leases which the plaintiff desired, and which the defendant undertook to procure; that the said seventeen hundred dollar check was immediately redelivered to the said S. R. Chittam, and was not used by the said defendant for the purpose for which it was delivered to him by the plaintiff; that the defendant never procured said mineral leases for the plaintiff; that the automobile remained in the possession of the defendant, Chittam never having taken possession thereof, and that the defendant had no authority from Chittam to purchase said automobile for him, and that all of his acts and practices above indicated were fraudulent, and for the purpose of securing plaintiff's automobile for his own use without paying therefor.

If, as is averred and necessarily inferred from the allegations of the declaration, the defendant falsely represented himself to be purchasing the automobile for Chittam, and fraudulently procured the return of the purchase price to himself, and made the other representations referred to for the purpose, as alleged, of procuring plaintiff's automobile without paying for it, he was guilty of the commission of a fraud upon the plaintiff's rights, and of course upon the discovery of this fraud plaintiff could rescind the contract and demand the return of his property, and that is what he did. In case of a refusal to deliver the same, detinue is an appropriate action to recover the specific property. It is universally held that detinue will lie to recover specific personal property obtained from the owner by any sort of fraudulent device or misrepresentation, at least so long as it remains in the possession of the party guilty of the fraudulent practice. 18 C. J. pp. 994, 995; 9 R. C. L., title "Detinue," § 4; *Morrison, Herriman & Co.* v. *Adoue & Lobit*, 76 Texas 255; *Reid, Murdock & Fisher* v. *Cowduroy*, 79 Iowa 169; *Blake* v. *Blackley*, 109 N. C. 257, 26 Am. St. Rep. 566; *Myers* v. *Friend & Scott*, 1 Rand. 12; *Southern Hardware & Supply Co.* v. *Lester*, 166 Ala. 86; *Mansell* v. *Israel*, 3 Bibb. 510; *Sleeper* v. *Davis*, 64 N. H. 59, 10 Am. St. Rep. 377. If the defendant procured this property in the manner indicated above, that is

by falsely representing that he was procuring it for another, and then by, fraudulently securing to himself the purchase price for a purpose to which he did not intend to apply it, there can be no doubt of the plaintiff's right to rescind the contract and demand and receive back in an action of detinue the specific personal property, it appearing from the declaration that it was in the possession of the defendant at the time of the institution of the suit.    The defendant's brief is based entirely upon the assumption that he did not do the things charged against him in the declaration, and of course if that assumption should turn out to be true, and entirely different condition will be presented from that presented by the declaration.    At this time we are passing upon a demurrer to the declaration which admits everything stated therein to be the truth, as well as every legitimate and necessary inference arising therefrom.

After the defendant's demurrer to the declaration was overruled he moved to quash the summons upon the ground that the value of the property sued for was not stated therein, which motion was overruled.    The action of the circuit court in this regard was correct.    The defendant, by demurring to the declaration, entered a general appearance thereto, and the summons became functus officio.    'The question of the sufficiency thereof was simply a moot question, and the defendant was not entitled to have the judgment of the court thereon at that stage of the proceeding.    Having demurred to the declaration he had entered a general appearance, and the question as to the sufficiency of the summons became entirely immaterial.    A general appearance waives any insufficiency in the summons or the return of service thereon. *Danser* v. *Mallonee,* 77 W. Va. 26; *Fulton* v. *Ramsey,* 67 W. Va. 321; *Frank* v. *Zeigler,* 46 W. Va. 614.    Any appearance in the suit, except to challenge the jurisdiction of the court, is a general apearance , and confers upon the court the authority to proceed with the controversy, regardless of any defect in the process by which the defendant is brought in. In fact the defendant may appear to the declaration without process at all.    The function of the summons is simply to bring him

into court, and if he comes upon an irregular summons, or without any summons, and invokes the court's jurisdiction for any purpose, he thereby waives the necessity for a summons, or any irregularity therein.

It follows from what we have said that the action of the court in overruling the demurrer to the declaration, and in overruling the motion to quash the summons was correct, and we answer the questions certified accordingly.

*Affirmed.*