Thomas K. Brash, *Administrator*

*v.*

Appalachian Electric Power Company

(No. 11060)

Submitted September 9, 1959. Decided September 29, 1959.

*Laird, Thrift & Hamilton, T. A. Myles,* for plaintiff in error.

*Mahan, White, Higgins & Graney,* for defendant in error.

BERRY, JUDGE:

This action of trespass on the case was instituted in the Circuit Court of Fayette County, West Virginia, by Thomas K. Brash, Administrator of the estate of Thomas D. Brash, deceased, plaintiff, against the Appalachian Electric Power Company, a corporation, defendant, for the wrongful death by electrocution of plaintiff's decedent. The defendant filed a demurrer to the declaration and also filed a plea in abatement contending that the summons was not served on a proper officer of the corporate defendant.

At the April, 1958, term of said Court, the case was set down for trial on the merits, but was continued by agreement of the parties for the purpose of taking up the demurrer and plea in abatement at a later date. The matters arising out of the demurrer and plea in abatement were not considered until the next term of court and by an order entered by the trial court on August 15, 1958, it appears that the demurrer, in which the plaintiff joined, was first taken up and disposed of. The trial court sustained the demurrer to the declaration to which ruling the plaintiff objected and excepted, and on motion of the plaintiff granted him leave to amend the declaration. However, in the same order, after the above action on the demurrer was taken, the trial court also sustained the plea in abatement on the question of the service of process and dismissed the action. No demurrer or traverse was filed or made to the plea in abatement, but the plaintiff timely objected and excepted to the action of the trial court in sustaining said plea.

The plaintiff asserts that it was error for the trial court to dismiss the action without allowing him the right to amend his declaration after granting him leave to do so. The plaintiff does not question the ruling of the trial court on the demurrer and plea in abatement at this time but merely takes the position that it had no

right to dismiss the action under the circumstances and that such dismissal was premature.

We think the answer to the question as to the right to dismiss this action by the trial court is found simply by ascertaining the status of the case after the demurrer was filed and action taken thereon. Such action constituted a general appearance on the part of the defendant and there was no need to consider the matter of the service of process raised by the plea in abatement. *Jimerson* v. *Tincher*, 89 W. Va. 41, 108 S. E. 417.

It is provided by statute that no plea in abatement shall be received after the defendant has demurred, Code, 56-4-33, and where the defendant has both pleaded in abatement and bar at the same time, the issue on the plea in abatement shall be tried first. Code, 56-4-38. In any event, the plea in abatement was not tried first, as is clearly indicated by the order entered on August 15, 1958. This order shows that it was after the ruling on the demurrer that the plea in abatement was disposed of and the action dismissed. It appears from the order that no objection was made after the final action of the court in dismissing the action and ordering it omitted from the docket, but proper objections and exceptions were made and taken to the action of the court in the disposition of the demurrer and the plea in abatement. The action taken by the court on the plea in abatement was the reason for the dismissal and such action, along with the other actions of the court, was appealed to this Court. It is not necessary to object to the final action of the court if proper objections and exceptions are made and taken to the rulings resulting in and leading up to the final action or judgment of the court. *Chadister* v. *B. & O. Railroad Co.*, 62 W. Va. 566, 59 S. E. 523; *Parks* v. *Morris, Layfield & Co.*, 63 W. Va. 51, 59 S. E. 753.

When a defendant appears and files a demurrer, such as was done in the case at bar, it is too late to question the service of process after the demurrer has been sustained and the plaintiff given leave to amend the

declaration. This is a general appearance, and the defendant waives any objection with regard to the service of process because he has submitted to the jurisdiction of the court. 2 M. J., Appearances, §12 and §14; 3 Am. Jur., Appearances, §15; *Mahany* v. *Kephart & The B. & O. R. R. Co.*, 15 W. Va. 609; *Totten* v. *Nighbert*, 41 W. Va. 800, 24 S. E. 627; *Stone* v. *Rudolph*, 127 W. Va. 335, 32 S. E. 2d 742.

This matter is clearly stated in the case of *Jimerson* v. *Tincher*, 89 W. Va. 41, 108 S. E. 417, wherein it was held in point 3 of the syllabus, as follows: "A defendant, by demurring to a declaration, makes a general appearance thereto, and thereby waives any defect or irregularities in the summons, or the return of service thereof."

An appearance in an action or suit for any purpose other than a special appearance to test the jurisdiction of the court, or the sufficiency of the process or service of same, is a general appearance. *Smith* v. *Smith*, 138 W. Va. 388, 76 S. E. 2d 253.

A motion for a continuance in most instances constitutes a general appearance. 3 Am. Jur., Appearances, §20. In the case at bar it was continued generally after the demurrer had been filed and for the purpose of ruling on same at a later date. This would also constitute a general appearance in this case. See *Smith* v. *Smith*, 138 W. Va. 388, 76 S. E. 2d 253.

The necessity of appearing for the sole purpose of attacking the jurisdiction of the court is discussed in 3 Am. Jur., Appearances, §11, in the following language: "Generally it may be said that a defendant who intends to rely on a want of jurisdiction over his person must appear, if at all, for the sole purpose of objecting to the jurisdiction of the court. An appearance, in the first instance, for any other purpose, is usually considered general, and gives the same jurisdiction over the person of the defendant as though process had been regularly served in the manner and form, and for the length of time, prescribed by law."

It is the contention of the defendant in its brief that the original process in this case was not properly served and that this has been conceded. Although we have held that this matter has been waived by the general appearance of the defendant, as indicated above, it might be well to state here that it appears from the record that the process was properly served. The officer's return shows that it was served on "* * * R. R. Griffith, area sup. president or secretary of said corporation, in Fayette County, West Virginia, that being the county and state in which he the said R. R. Griffith resides * * *". The defendant concedes in its plea that "area sup." presumably means area supervisor or area superintendent, but contends that the said Griffith is not the president, secretary or other officer of the defendant corporation on whom service of process can be had. Code, 56-3-13 provides for service of process on certain officers of a domestic corporation and if they cannot be found, on any agent of such corporation. Code, 56-3-14 provides for service on foreign corporations which have qualified to do business in this state in the same manner as domestic corporations, and, if such corporations have not qualified, then process can be served on any officer, director, or agent of such corporations acting or transacting business for it in this state, or order of publication taken if no one can be found personally.

An area supervisor or area superintendent in charge of a corporation's business in a particular county is an agent of the corporation, within the meaning of Code, 56-3-13 and Code, 56-3-14, upon whom process against the corporation may be served, under the conditions prescribed by the statute.

The only test of agency within the meaning of the statute is whether the nature of the agent's employment is such that it may reasonably be supposed that notice will reach the corporation through him. It has been held that a bookkeeper or clerk of a corporation, in charge of its principal office or place of business in a particular county, is an agent within the meaning of the statute.

See *County Court* v. *Fidelity Co.*, 87 W. Va. 504, 105 S. E. 787.

The only defect that could be assigned relative to the process is in the officer's return, which failed to clearly show the relationship of R. R. Griffith to the defendant corporation and did not show that the officers listed in the statute could not be found in Fayette County and did not state that R. R. Griffith was an agent of said corporation. This defect could have been corrected by an amendment of the return as provided for in Code, 56-4-30.

For the reasons stated herein, the final order of the Circuit Court of Fayette County, West Virginia, dismissing this action and ordering it omitted from the docket, is reversed, and the case is remanded to said Court with instructions to reinstate this action on its docket and permit the plaintiff to amend his declaration.

*Reversed;*
*remanded.*