JOSEPH MANYPENNY

*v.*

WILLIAM C. GRAHAM

(No. 12244)

Submitted September 8, 1964.   Decided November 17, 1964.

*William J. Moore,* for plaintiff in error.

*Donell & Tarr, Donald R. Donell,* for defendant in error.

HAYMOND, PRESIDENT:

Upon this writ of error the defendant, William C. Graham, President of the County Court of Hancock County, West Virginia, seeks reversal of a final judgment of the Circuit Court of Hancock County rendered December 14, 1962, in a mandamus proceeding instituted in that court, in which the plaintiff, Joseph Manypenny, Sheriff of Hancock County, sought a writ to require the defendant to issue an order for the payment of a certain monthly salary to each of two employees of the plaintiff as such sheriff from and after the first day of July, 1962 and during the remainder of the fiscal year 1962-1963 or until the sooner termination of such employment.

The circuit court by its final order of December 14, 1962 awarded a writ of mandamus requiring the defendant William C. Graham to issue an order for the payment to Eleanor Patterson, an employee of the plaintiff Joseph Manypenny, of a salary of $385.00 per month from July 1, 1962 to the date of the judgment and thereafter during the remainder of the fiscal year 1962-63, unless her employment should sooner terminate, and to issue an order for the payment to Irene Cullen, an employee of the plaintiff Joseph Manypenny, of a salary of $335.00 per month from July 1, 1962 to the date of the judgment and thereafter during the remainder of the fiscal year 1962-63, unless her employment should also sooner terminate. To that judgment this Court granted this writ of error and supersedeas upon the application of the defendant.

Pursuant to written notice dated December 7, 1962 and duly served upon the defendant, the petition for a writ of mandamus was filed in the Circuit Court of Hancock County on December 14, 1962. According to recitals in the order entered by the circuit court on that day the plaintiff appeared in person and by his attorney, and the defendant also appeared in person but was not represented by counsel. Upon the filing of the petition the circuit court inquired of

the defendant if he desired time in which to file an answer or to obtain counsel to represent him in the proceeding and the defendant replied that he did not desire counsel and that the allegations in the petition were true. The circuit court, after hearing evidence adduced by the parties and the argument of counsel, found "the issue in favor" of the plaintiff and awarded a writ of mandamus which required the defendant to issue orders for the payment of salary to the two employees of the plaintiff, as provided in the final judgment, and awarded costs in favor of the plaintiff.

The petition upon which the foregoing judgment was rendered contained, among others, the allegations that the plaintiff is sheriff of Hancock County; that his term of office extends from January 1, 1961 to December 31, 1964; that on or before February 1, 1962, he filed with the county court a detailed statement of the amount necessary to be expended for deputies, assistants and other employees of his office for the following fiscal year; that in such statement he listed a specific salary for each employee; that the salary for Eleanor Patterson is listed as $4,620.00 for the fiscal year 1962-63 and the salary for Irene Cullen as $4,020.00 for the same fiscal year; that the salary for each of them constituted an increase in salary over the previous fiscal years of $25.00 per month; that the county court considered such detailed statement and approved the aggregate sum to be expended for the period covered by the statement; that such sum was made a part of the levy of the county which was finally approved by the county court on April 17, 1962; that the plaintiff fixed the compensation of Eleanor Patterson at $4,620.00 for the fiscal year 1962-63 at the rate of $385.00 per month, and the compensation of Irene Cullen at $4,020.00 for the fiscal year 1962-63 at the rate of $335.00 per month; that the list of salaries for all deputies, assistants and other employees was filed with the clerk of the county court and did not exceed the aggregate amount for the office of the plaintiff as approved by the county court; that the defendant, as president of the county court, refused to pay the salaries for the two employees of the plaintiff for the fiscal year 1962-63 and would only sign an order for the payment of the salary for the fiscal year 1961-62; and that from July 1, 1962 the de-

fendant, as president of the county court, paid to the two employees as a monthly salary a sum which is $25.00 per month less than the salary set forth in the statement filed with the clerk and which was within the aggregate amount listed for the office of the plaintiff.

After the entry of the final judgment no further proceedings were had until December 28, 1962, at which time the defendant, having obtained counsel, moved the circuit court to vacate the order entered December 14, 1962, to quash the writ of mandamus awarded by that order, and to dismiss the petition of the plaintiff. By order entered December 28, 1962 the circuit court overruled each of the motions and suspended execution of the judgment for a period of sixty days or until February 28, 1963. On January 30, 1963, the defendant filed a motion to reverse the judgment of December 14, 1962, and in support of the motion filed an affidavit of the clerk of the county court of Hancock County and also filed a demurrer to the petition of the plaintiff. The circuit court designated February 15, 1963 for a hearing upon the motion and by order entered on that date overruled the motion, refused to hear argument upon the demurrer of the defendant, and suspended execution on the judgment until action by the Supreme Court of Appeals upon any petition presented to it for a writ of error. Upon motion of the defendant, the circuit court, by order entered April 10, 1963, granted a suspension of execution on the final judgment for a period of ninety days from February 28, 1963.

The grounds assigned in support of the motion of the defendant to reverse the judgment rendered December 14, 1962, which were supported by an affidavit of the clerk of the county court of Hancock County, were that the plaintiff has not filed a verified budget and payroll as required by Section 7, Article 7, Chapter 7, Code, 1931, as amended, or a statement of receipts or the receipts showing payment into the treasury, as required by Section 8 of the same article and chapter, and that neither the employee Patterson nor the employee Cullen has filed the receipts as required by Section 9 of the same article and chapter. The defendant also assigned as grounds of demurrer that the clerk of the

county court is a necessary party and that no rule to show cause was issued upon the petition in this proceeding.

The final judgment rendered December 14, 1962, which awarded the writ of mandamus, and the subsequent orders entered December 28, 1962 and February 15, 1963, which overruled the motion of the defendant to vacate and reverse the final judgment to enable the defendant to enter a demurrer to the petition and permit him to present any defense in his behalf in this proceeding, are free from prejudicial error and the action of the circuit court in rendering the judgment of December 14, 1962 and in overruling the foregoing motions of the defendant to vacate and reverse that judgment was correct and proper.

There is no merit in the contention of the defendant that the clerk of the county court is a necessary party to this proceeding for the reason that the only specific relief prayed for by the petitioner is that the defendant be required to issue an order for the payment of the designated salaries and for the further reason that there is no showing in the record that the county clerk has refused to sign or will not voluntarily sign and join in the issuance of any such order.

Though, as stated in point 2 of the syllabus in *State ex rel. Smith* v. *Bosworth*, 145 W. Va. 753, 117 S. E. 2d 610, and also in *Reed* v. *Schwarz*, 139 W. Va. 859, 81 S. E. 2d 725, and *Town of Camden on Gauley ex rel. Mollohan* v. *O'Brien*, 138 W. Va. 787, 79 S. E. 2d 74, the issuance and the service of process in the manner prescribed by statute, unless waived, are essential to the jurisdiction of the trial court to entertain a proceeding in mandamus, this requirement can be and it was waived by the voluntary general appearance of the defendant in person without objection before the circuit court on December 14, 1962, at which time the petition of the plaintiff was duly filed and, in the absence of any process, the mandamus proceeding was instituted by the filing of the petition.

The object of process is to cause a defendant to appear in court; and when a defendant has made a general appearance the function of process has been accomplished and he

can not voluntarily appear without objection and waive his right to answer a petition and then take advantage of the absence of the issuance of process against him. *Root-Tea-Na-Herb Company* v. *Rightmire,* 48 W. Va. 222, 36 S. E. 359. In that case no process was issued and the defendants named in the petition appeared and demurred to the petition and, after the demurrer was overruled, waived their right to answer or plead further to the petition. In the opinion this Court used this language: "The object of process is to secure the appearance of the defendants in court. When that is done by general appearance, the function of the process is accomplished; and, unless there is some ruling of the court touching the validity of the process or return of service, the same is not made or considered a part of the record. A defendant cannot voluntarily appear and demur to a petition, and waive his right to further plead or answer thereto, and then take advantage of the fact that no process issued against him." See also *Brash* v. *Appalachian Electric Power Company,* 144 W. Va. 620, 110 S. E. 2d 386; *Farquhar and Company* v. *Dehaven,* 70 W. Va. 738, 75 S. E. 65, Ann. Cas. 1914A, 640, 40 L.R.A., N.S., 956; *Franklin* v. *T. H. Lilly Lumber Company,* 66 W. Va. 164, 66 S. E. 225; *Ferrell* v. *Camden,* 57 W. Va. 401, 50 S. E. 733; *Snyder* v. *Philadelphia Company,* 54 W. Va. 149, 46 S. E. 366, 63 L.R.A. 896, 102 Am. St. Rep. 941, 1 Ann. Cas. 225; *Totten* v. *Nighbert,* 41 W. Va. 800, 24 S. E. 627; *Andrews* v. *Mundy,* 36 W. Va. 22, 14 S. E. 414; *Layne* v. *The Ohio River Railroad Company,* 35 W. Va. 438, 14 S. E. 123; *Hunter's Ex'rs* v. *Stewart,* 23 W. Va. 549; *Mahany* v. *Kephart and The Baltimore and Ohio Railroad Company,* 15 W. Va. 609; *The Bank of the Valley* v. *The Bank of Berkeley,* 3 W. Va. 386; *Harvey* v. *Skipwith,* 16 Gratt. 410, 57 Va. 410. In Burks Pleading and Practice, Fourth Edition, Section 38, page 65, the author says: "It has been made a question whether a friendly suit in which the defendant appears and answers without writ was properly begun, but it is plain that appearance without objection is a waiver of the necessity for a writ, and of course the defendant may appear and expressly waive process." In *Layne* v. *The Ohio River Railroad Company,* 35 W. Va. 438, 14 S. E. 123, this Court held in point 2 of the syllabus that

in order to take advantage of a defect in the summons or return, a defendant must appear for that purpose only and if he appears generally he will be regarded as having waived all defects in the writ or the return.

The action of the defendant in appearing to the petition and failing to file an answer and in stating that he did not desire counsel and that the allegations in the petition were true, was a general appearance in the proceeding, *Stone* v. *Rudolph*, 127 W. Va. 335, 32 S. E. 2d 742, *Brash* v. *Appalachian Electric Power Company*, 144 W. Va. 620, 110 S. E. 2d 386, *Smith* v. *Smith*, 138 W. Va. 388, 76 S. E. 2d 253, *Bennett* v. *Bennett*, 137 W. Va. 179, 70 S. E. 2d 894, and constituted a waiver of the issuance and service of process. The circuit court had jurisdiction of the subject matter and obtained jurisdiction of the defendant when he made his general appearance in court and when that occurred the circuit court had jurisdiction to hear and determine this mandamus proceeding.

Though the petition was not skillfully drawn and omitted allegations that the plaintiff had complied with certain provisions of Sections 7, 8 and 9, Article 7, Chapter 7, Code, 1931, as amended, which rendered the petition demurrable, those omissions do not render the petition fatally defective for failure to state a cause of action; and those defects in the petition, not being vital and not having been challenged by demurrer, were waived by the defendant by his failure to demur or otherwise challenge the sufficiency of the petition. Moreover, the final judgment rendered December 14, 1962 is not subject to reversal by reason of the pertinent provisions of Section 2, Article 1, Chapter 58, Code, 1931, that no judgment shall be arrested or reversed "for any defect, imperfection, or omission in the pleadings, which could not be regarded on demurrer; or for any other defect, imperfection, or omission, which might have been taken advantage of on a demurrer or answer, but was not so taken advantage of."

In the early case of *Holliday's Ex'rs* v. *Myers*, 11 W. Va. 276, an action of debt on an injunction bond, the defendants, having appeared in the action and filed a plea, subsequently withdrew the plea and, the plaintiffs then having proved

their case, the court rendered judgment in favor of the plaintiffs against the defendants. Subsequently the defendants filed a bill of exceptions in which they assigned as error that "No demurrer was filed to the declaration and oyer was not craved of the bond declared upon." One of the errors assigned by one of the defendants was that the declaration in the case was fatally defective. In affirming the judgment of the trial court, this Court relied upon and applied the statutory provisions then in effect which were identical with the above quoted provisions of Section 2, Article 1, Chapter 58, Code, 1931. In that case this Court stated in the opinion that as the defendants had appeared and filed a plea which was later withdrawn the judgment was not a default judgment and that as it had been rendered upon proof it was also not a judgment by confession. The judgment in the case of *Holliday's Ex'rs* v. *Myers,* 11 W. Va. 276, closely resembles the judgment in the instant proceeding which, according to the recitals in the judgment order of December 14, 1962, was based upon the admission of the defendant that the allegations in the petition were true and the evidence adduced by the parties upon the hearing of the case.

By making a general appearance in this proceeding, in refusing to file an answer and to obtain counsel to represent him, and in admitting the truth of the allegations of the petition of the plaintiff, all of which was voluntary, the defendant waived his right to interpose a defense to the claim of the plaintiff and after the entry of the final judgment he was not entitled to have the judgment vacated or reversed to enable him to make a defense which he had refused to make before the entry of the judgment. In *Barbour, Stedman and Herod* v. *Tompkins,* 58 W. Va. 572, 52 S. E. 707, 3 L.R.A., N.S., 715, this Court, in point 3 of the syllabus, used this language: "A defendant has no right of election to interpose his matters of defense singly and take separate successive trials and adjudications thereon. By allowing a cause to be decided without having set up a defense, or any one or more of his defenses, he is deemed to have waived all matters so withheld." In the opinion, referring to the right of a defendant, this Court said: "Has he a right of election as to

the time at which his defenses are to be put in, or must he bring them forward when the cause is in such condition as to enable the plaintiff to call for a decree adjudicating the principles of the cause? If defenses may be withheld until after that time and then put in, and new issues made, the decree would not settle all the principles. It would always be in the power of the parties to re-open the decree by bringing forward new matter by additional pleadings. We have decisions which say this cannot be done. After a case has been made up and submitted and a decree rendered in it, new pleadings cannot be filed."

A trial court has the power in its discretion to modify, set aside or vacate any judgment or decree during the term in which it is rendered. This power must be exercised with a sound discretion and not in an arbitrary or capricious manner; and if the trial court has acted in the exercise of a sound discretion an appellate court will not interfere except for the most cogent reasons. *Parkersburg National Bank v. Neal,* 28 W. Va. 744; *Mathews v. Tyree,* 53 W. Va. 298, 44 S. E. 526. See also 11 Michie's Jurisprudence, Judgments and Decrees, Section 118; 1 Freeman on Judgments, Fifth Edition, Sections 194 and 195. In *Parkersburg National Bank v. Neal,* 28 W. Va. 744, this Court held in point 1 of the syllabus that "Until the term ends, every judgment or decree entered may for good reason be modified or set aside in whole or in part. The court has a discretion to do this, in the exercise of which this Court will not interfere except for the most cogent reasons." In *Mathews v. Tyree,* 53 W. Va. 298, 44 S. E. 526, this Court held in point 2 of the syllabus that "After a decree in a chancery cause has been passed upon and entered by the circuit court, it may be modified or set aside during the same term for good cause shown. What is sufficient cause is a matter in the sound discretion of the circuit court, subject to revision by this Court." In *Wilson v. Ice,* 78 W. Va. 672, 90 S. E. 272, this Court said that the trial court was the judge of what constituted good cause and that its judgment was not conclusive but may be reviewed by the appellate court. The action of a trial court in refusing to modify, set aside or vacate its judgment or decree will

not be disturbed on appeal unless it appears that such action constituted an abuse of its discretion.

By Rule 81 (a) (5) of the Rules of Civil Procedure those rules do not apply to proceedings in mandamus, prohibition, certiorari, habeas corpus, quo warranto and an information in the nature of quo warranto; and in the absence of a showing of abuse of discretion, the refusal of a trial court to set aside or modify a final judgment in a mandamus proceeding, to which the Rules of Civil Procedure do not apply, will not be disturbed by this Court on writ of error.

As there is no showing that the circuit court abused its discretion in refusing to vacate or reverse the final judgment rendered December 14, 1962, that judgment must be, and it is, affirmed.

*Affirmed.*