510 S.E.2d 283

**Bruce Wayne VANSCOY, Plaintiff Below, Appellee,**

v.

**Michael Glenn ANGER, Charles C. Gear and Scott Alan Godwin, Defendants Below, Appellees,**

**Charles M. Little, Defendant Below, Appellant.**

**No. 25003.**

Supreme Court of Appeals of West Virginia.

Submitted Oct. 27, 1998.

Decided Dec. 3, 1998.

625

Scott Curnutte, Elkins, West Virginia, Attorney for Bruce Wayne Vanscoy, Appellee.

David R. Janes, Tharp, Liotta, Janes & Yokum, Fairmont, West Virginia, Attorney for Charles M. Little, Appellant.

PER CURIAM:

Charles C. Little, the appellant in this proceeding, claims that the Circuit Court of Randolph County erred in denying his motion to set aside a judgment, or in the alternative, to grant him a new trial, in an assault and battery action instituted by Bruce Wayne Vanscoy. In the motion to set aside the judgment, the appellant claimed that he had not properly been served with a copy of the summons and complaint instituting the action and that the Circuit Court of Randolph County thus lacked jurisdiction to entertain it.

## FACTUAL BACKGROUND

On September 29, 1995, Bruce Wayne Vanscoy filed a complaint in the Circuit Court of Randolph County in which he alleged that the appellant and three other individuals, Michael Glen Anger, Charles C. Gear, and

Scott Alan Godwin had assaulted, battered, and injured him on October 9, 1993.

The memorandum which was submitted with the complaint stated that the appellant's address was Rt. 7, Box 435A, Fairmont, West Virginia. At the time the appellant did not live at that address, which was the address of his parents, but had lived out of state since March, 1995. The Sheriff, nonetheless, attempted to serve the appellant by leaving copies of the summons and complaint with the appellant's mother.

Following the attempted service, the appellant's attorney, by letter dated October 6, 1995, notified Mr. Vanscoy's attorney and the Circuit Clerk of Randolph County of the appellant's non-residency in West Virginia. In response, Mr. Vanscoy's attorney attempted to serve the appellant by making service on his attorney. The appellant's attorney responded by letter dated October 11, 1996, which stated: "[M]y representation of [the appellant] is limited and I am not authorized to except [sic] service of process on his behalf. I must insist that you satisfy the requirements of Rule 4 if you wish for Mr. Little to be properly served."

Subsequently, Mr. Vanscoy's attorney filed an affidavit with the Circuit Court of Randolph County requesting that the County Clerk of that county issue an Order of Publication. In the affidavit, the attorney indicated that the prior service in the case had "been returned without being executed . . . ."

As development of the case proceeded against the other defendants, copies of the pleadings and correspondence were sent to the appellant's attorney, and the appellant's attorney initialed an Amended Scheduling Order which was entered on September 30, 1996.

On February 14, 1997, Mr. Vanscoy's attorney moved for a default judgment against the appellant and served appellant's attorney with a copy of the motion via fax. On the same day, the circuit judge's office contacted the appellant's attorney's office and indicated that a hearing on the motion for default judgment would be conducted on February 18, 1997, at 8:00 a.m.

The appellant's attorney had another hearing on February 18, 1997, and contacted the circuit court and complained that he had not had adequate notice of the hearing. Subsequently, Mr. Vanscoy's attorney and the appellant's attorney agreed to submit a joint motion for continuance and an agreed amended scheduling order. That motion was reduced to writing, and the appellant's attorney signed above a signature line indicating that his status was "Counsel for Charles Little" (the appellant). The circuit court granted the motion.

In spite of this, the case was brought on for bench trial on February 18, 1997, and at the conclusion of that trial, the court rendered judgment for Mr. Vanscoy against the appellant and awarded him $100,000, plus interest and costs.

On February 26, 1997, prior to entry of a final judgment order, the appellant's attorney appeared and moved, pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure to set aside the judgment. In the alternative, he moved for a new trial. After conducting a hearing, the trial court denied the motions.

In the present proceeding, the appellant claims that the circuit court erred in denying his motion to set aside the judgment or, in the alternative, to grant him a new trial.

## BURDEN OF PROOF

■ This Court has recognized that:

" 'A motion to vacate a judgment made pursuant to Rule 60(b), W.Va.R.C.P., is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion.' Syl. pt. 5, *Toler v. Shelton*, 157 W.Va. 778, 204 S.E.2d 85 (1974)." Syl. pt. 1, *Jackson General Hospital v. Davis*, 195 W.Va. 74, 464 S.E.2d 593 (1995).

Syllabus Point 1, *Nancy Darlene M. v. James Lee M.*, 195 W.Va. 153, 464 S.E.2d 795 (1995).

## DISCUSSION

As previously indicated, the appellant claims that he was not properly served with

the document instituting this action and that, as a consequence, the circuit court lacked jurisdiction to enter summary judgment for Bruce Wayne Vanscoy.

■ While proper service of process is ordinarily necessary to confer jurisdiction upon a circuit court, this Court has recognized that if a party who has not received proper service of process, appears generally in an action, that is, appears for any reason other than to contest the jurisdiction of the court, that party, by his general appearance, waives any claim regarding the defective service. *Lemley v. Barr*, 176 W.Va. 378, 343 S.E.2d 101 (1986), and *Manypenny v. Graham*, 149 W.Va. 56, 138 S.E.2d 724 (1964).

■ In the present case, it appears that the appellant appeared, by counsel, not only to contest the lack of proper service of process, but also to consent to the scheduling of certain matters and to move for a joint continuance.

■ In Syllabus Point 5 of *Lemley v. Barr, supra*, this Court stated:

"At [sic] an appearance in a suit or action for any purpose other than to question the jurisdiction of the court, or to set up a lack of process, or defective service is a general appearance." Syl. Pt. 1, *Stone v. Rudolph*, 127 W.Va. 335, 32 S.E.2d 742 (1944).

The appellant's attorney rather clearly did appear for matters other than to challenge the jurisdiction of the court when he agreed to the scheduling matters and jointly moved for a continuance. In so doing, he appeared generally, and through his action, the appellant, under the principles in *Lemley v. Barr, supra*, and *Manypenny v. Graham, supra*, waived his challenge to the jurisdiction of the court.

As previously stated, a motion to set aside a judgment is addressed to the sound discretion of the trial court. Here, where the circumstances indicated that the appellant's attorney appeared generally and waived his challenge to the jurisdiction of the court, this Court does not believe that the trial judge abused his discretion by refusing to set aside the judgment and award the appellant a new trial.

The judgment of the Circuit Court of Randolph County is, therefore, affirmed.

Affirmed.