STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

FILED
March 16, 2021

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **A.H.**

**No. 20-0699** (Hampshire County 19-JA-42)


**MEMORANDUM DECISION**


Petitioner Father B.H., by counsel Jeremy B. Cooper, appeals the Circuit Court of Hampshire County's July 30, 2020, order terminating his parental rights to A.H.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee A. Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem, Joyce E. Stewart, filed a response on the child's behalf in support of the circuit court's order. On appeal, petitioner argues that the circuit court lacked jurisdiction to terminate his parental rights because he was not properly served.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2019, the DHHR filed a child abuse and neglect petition alleging that the mother and the child's current caretaker had exposed A.H. to substance abuse. The DHHR included petitioner as a respondent but did not allege that he had abused or neglected the child. The DHHR attempted to serve petitioner by certified mail to an address in Maryland, but the letter was returned as undeliverable. In November of 2019, the DHHR amended the petition and alleged that petitioner failed to provide the child with financial or emotional support. The DHHR alleged that seven-year-old A.H. stated that she had not seen petitioner since she was six years old. Further,

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner asserts no other assignment of error regarding the termination of his parental rights.

1

the DHHR alleged that petitioner had been ordered to pay child support in December of 2017 and had never made a payment.

The circuit court held a status hearing in December of 2019, and inquired as to whether petitioner had been served with the amended petition. Following petitioner's counsel's assertion that he did not believe that petitioner had been served, the DHHR proffered that service had been achieved through certified mail at the Allegany County Detention Center in Maryland, where petitioner was incarcerated. The circuit court confirmed that petitioner was incarcerated at that facility and scheduled an adjudicatory hearing.

The circuit court held two adjudicatory hearings in January and February of 2020. Petitioner was unable to attend the January hearing by phone due to a security issue at the facility where he was incarcerated but was represented by counsel. Petitioner appeared by phone and testified during the February hearing. Ultimately, the circuit court found that petitioner failed to maintain contact with A.H. and failed to make child support payments as previously ordered. The circuit court concluded that petitioner had financially and emotionally neglected the child. The circuit court adjudicated A.H. as an abused child and petitioner as an abusing parent. Thereafter, petitioner filed a motion for a post-adjudicatory improvement period and a motion for a post-dispositional improvement period.

In July of 2020, the circuit court held a dispositional hearing. Petitioner appeared telephonically and by counsel. Based upon petitioner's testimony, the circuit court found that petitioner pled guilty to domestic assault, which led to his incarceration, but he denied perpetrating that crime. Further, the circuit court found that petitioner absconded from probation in Maryland and that he "absented himself from [A.H.'s] life . . . because he did not want to be caught by law enforcement while he was on the run." The circuit court noted that petitioner was to participate in classes while incarcerated to address his domestic violence issues, yet he "failed to take any steps to complete those classes" in the past eight to nine months of incarceration. The circuit court ultimately denied petitioner's motions for an improvement period because he had failed to prove that he would be likely to comply with the terms of an improvement period. Thereafter, the circuit court found that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and that termination of his parental rights was necessary for the welfare of A.H. Accordingly, the circuit court terminated petitioner's parental rights by its July 30, 2020, order.[3]

The Court has previously held:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there

---

[3]The mother voluntarily relinquished her parental rights during the proceedings below. According to the parties, the permanency plan for the child is adoption in her current placement.

is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that he was not properly served with the child abuse and neglect petition and the circuit court erred in exercising jurisdiction over his parental rights as a result. Petitioner asserts that, although the certified letter that contained the amended petition and notice of hearing was delivered to the detention center where he was incarcerated, he was not the signatory. Rather, a representative of the detention center signed for the letter. Petitioner argues that a third-party signature does not comport with the clear statutory requirements of West Virginia Code § 49-4-601(e)(3). We find petitioner is entitled to no relief on appeal.

West Virginia Code §49-4-601(e) governs notice and service for abuse and neglect proceedings and provides in relevant part:

> (e) Notice of hearing.
> (1) The petition and notice of the hearing shall be served upon both parents and any other custodian, giving to the parents or custodian at least five days' actual notice of a preliminary hearing and at least ten days' notice of any other hearing.
> . . .
> (3) In cases where personal service within West Virginia cannot be obtained after due diligence upon any parent or other custodian, a copy of the petition and notice of the hearing shall be mailed to the person by certified mail, addressee only, return receipt requested, to the last known address of the person. If the person signs the certificate, service shall be complete and the certificate shall be filed as proof of the service with the clerk of the circuit court.
> (4) If service cannot be obtained by personal service or by certified mail, notice shall be by publication as a Class II legal advertisement in compliance with article three, chapter fifty-nine of this code.

Here, the record is clear that petitioner did not sign the certified mail certificate as the statute requires.[4] Nevertheless, petitioner appeared and participated in the proceedings by presenting evidence to contest the allegations against him, cross-examining the DHHR's witnesses, and making multiple motions for improvement periods. This Court has held that "[t]he object of process is to cause a defendant to appear in court; and when a defendant has made a general appearance the function of process has been accomplished[.]" Syl. Pt. 1, in part, *Manypenny* v. *Graham*, 149 W. Va. 56, 138 S.E.2d 724 (1964). "An appearance in a suit or action for any purpose other than to question the jurisdiction of the court, or to set up lack of process, or

---

[4]We note that, in similar factual circumstances, the DHHR's best practice would be to serve the individual by publication, as provided for in West Virginia Code § 49-4-601(e)(4).

defective service thereof, is a general appearance." Syl. Pt. 1, *Stone v. Rudolph*, 127 W. Va. 335, 32 S.E.2d 742 (1944). Finally, and critical to the facts of this case, "[a]n alleged defect in the service of process, raised by a motion to quash a return of service thereof, is waived by a subsequent general appearance in a suit or action." *Id*. at 335, 32 S.E.2d at 743, syl. pt. 2. Petitioner's participation in the proceeding constitutes a general appearance in this matter. Thus, any defect in the service of process was waived, and petitioner is entitled to no relief on appeal.[5]

For the foregoing reasons, we find no error in the decision of the circuit court, and its July 30, 2020, order is hereby affirmed.

Affirmed.

**ISSUED**: March 16, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

---

[5]Petitioner also argues that trial counsel's failure to object to the defective service below constitutes ineffective assistance of counsel. However, as petitioner acknowledges in his brief on appeal, this Court has never recognized a claim of ineffective assistance of counsel during an abuse and neglect proceeding, and we decline to do so here.