# CHARLESTON.

C. H. HUNTER v. F. A. McNINCH, *Administrator, etc.,* DUNN STATION OIL & GAS COMPANY *et al.*

(No. 5883)

Submitted April 26, 1927.     Decided June 7, 1927.

1. JUDICIAL SALES—*Judicial Sale of Owner's Interest in Lands Does Not Affect Recorded Mortgage Liens Against Property.*

   A judicial sale of the owner's right, title and interest in lands does not affect recorded liens against the property. (p. 76.)

2. MORTGAGES—*Bill to Enforce Mortgage May be Amended at Any Time Before Final Decree, if, in Sound Discretion of Court, Justice Demands it.*

   A bill may be amended at any time before final decree, if, in the sound discretion of the court, the ends of justice demand it. (p. 76.)

Appeal from Circuit Court, Marshall County.

Suit by C. H. Hunter against F. A. McNinch, administrator of the estate of Timothy Ross, deceased, and others, to foreclose a mortgage. From a decree for plaintiff, the defendant Dunn Station Oil & Gas Company appeals.

*Affirmed.*

*Walter C. Montgomery* and *Walter A. McGlumphy,* for appellant.
*Everett F. Moore,* for appellee.

LITZ, JUDGE:

The defendant, Dunn Station Oil & Gas Company, appeals from a decree of the circuit court enforcing a mortgage of

certain gas and gas rights in favor of the plaintiff, C. H. Hunter.

By deed dated December 23, 1915, and recorded February 12, 1918, the Natural Gas Company of West Virginia, a corporation, assigned and conveyed to Timothy Ross certain oil and gas leases covering sixteen tracts of land in Marshall County.

By deed dated December 22, 1915, and recorded February 12, 1918, Timothy Ross conveyed all the gas and gas rights in said tracts of land to the plaintiff, C. H. Hunter, to secure the payment of a note for $15,000.00, of even date, signed by Ross as maker, and payable to Hunter four months after date. Ross also agreed in said instrument to transfer to Hunter $15,000.00 of stock in The Loudensville Oil & Gas Company, a corporation, as further security for the payment of said note.

The said Timothy Ross, James Wilson and three other persons entered into a writing dated December 10, 1915, agreeing to incorporate The Loudensville Oil & Gas Company, and thereafter, January 13, 1916, obtained a charter therefor from the State of West Virginia. However, before it came into existence Ross and Wilson had attempted (by deed of December 13, 1915, and recorded October 20, 1919) to convey to The Loudensville Oil & Gas Company all their right, title and interest in and to the gas and oil leases covering ten of said tracts of land.

At July rules, 1918, Wilson filed his bill in chancery against The Loudensville Oil & Gas Company, Timothy Ross, C. H. Hunter, E. J. Lesser and others, for the appointment of receivers to take charge of and manage the affairs of The Loudensville Oil & Gas Company, because of the alleged mismanagement thereof by the defendants Timothy Ross, ex-president, C. H. Hunter, president, and E. J. Lesser, treasurer and general manager, of the company, pursuant to a fraudulent scheme on the part of Ross, Hunter and Lesser to acquire control of its assets for their own benefit. Receivers having been appointed as prayed for, a decree was entered October 31, 1918, referring the cause to a commissioner in chancery to ascertain and report, inter alia, "all leaseholds belonging

to the defendant, The Loudensville Oil & Gas Company, a corporation, or in which it has any interest; * * * the liens upon the leaseholds and other personal property of The Loudensville Oil and Gas Company, a corporation, by whom held, their respective amounts and priorities."

August 12, 1919, the commissioner submitted his report finding that The Loudensville Oil & Gas Company *"owns or has an interest* in" all but one of the leaseholds described in the mortgage, and other property; that the corporation owed numerous debts, mentioned therein; and further reporting:

> "The claim of C. H. Hunter is represented by a note for $15,000.00, bearing date of December 22nd, 1915, signed by Timothy Ross. The evidence before me does not show that The Loudensville Oil and Gas Company *is liable for this claim."*

And it appearing from said report, which the court confirmed, that the corporation was insolvent, a decree was entered June 21, 1920, directing the sale of "the leaseholds in which The Loudensville Oil & Gas Company *owns or has an interest* together with the personal property hereinbefore described, situated upon said leaseholds", or so much thereof as may be necessary to pay off and discharge the lien debts against said corporation according to their respective priorities.

The special commissioner, appointed to make sale, reported that on October 9, 1920, he had sold to the Dunn Station Oil & Gas Company "the leaseholds and personal property in the bill and proceedings mentioned * * * more fully described in the notice of sale hereto attached and made a part of this report." The property is described in the notice of sale as "all the *right, title and interest* of the Loudensville Oil & Gas Company", in and to the said oil and gas leases and personal property.

By decree of November 13, 1920, the circuit court confirmed the sale and directed the special commissioner to execute a proper deed with covenants of special warranty, "covering the title to said Leaseholds and Personal Property of The Loudensville Oil & Gas Company, a corporation, to the Dunn Station Oil & Gas Company, a corporation".

By deed dated May 20, 1921, said special commissioner attempted to convey to the purchaser, Dunn Station Oil & Gas Company, among other property, complete title to said leaseholds. This deed was never confirmed by the court.

The plaintiff, C. H. Hunter, filed his bill in this case at December rules, 1923, against F. A. McNinch, as administrator of the estate of Timothy Ross, deceased, and Dunn Station Oil & Gas Company, and others, seeking the enforcement of the mortgage from Ross to Hunter securing the payment of the $15,000.00 note.

Dunn Station Oil & Gas Company in its separate answer to the bill, admitted the execution of the mortgage and the transfer of $15,000.00 stock in The Loudensville Oil & Gas Company to Hunter as further security for the payment of the note; but averred that it had acquired complete and indefeasible title to the leaseholds covered by said mortgage, as purchaser thereof in the suit of James Wilson against said C. H. Hunter and others, hereinbefore mentioned, exhibiting with its answer as part thereof authenticated copies of the papers and proceedings in said cause.

The parties submitted the case upon the following stipulation of facts:

"3. It is agreed that the Plaintiff, C. H. Hunter, can prove that on December 22, 1915, he loaned to Timothy Ross, deceased, decedent of F. A. McNinch, Administrator, the sum of $15,000.00 as alleged in the Bill of Complaint and evidenced by the note described therein; that this money was used by Timothy Ross to purchase from the Natural Gas Company of West Virginia, a corporation, the gas and gas rights underlying the leaseholds described in the Bill of Complaint and its Exhibits thereto; that Timothy Ross executed the mortgage agreement alleged in the Bill of Complaint and its Exhibits thereto and delivered the same together with the conveyance to him by the Natural Gas Company of West Virginia to the Plaintiff on or about the 23rd day of December, 1915; that the note of $15,000.00 dated December 22, 1915, secured as aforesaid together with the interest thereon from date has not been paid to the Plain-

tiff and that the same is due and owing to him to-
gether with the interest thereon to this date, ex-
cept for an interest credit of $3,648.00 paid as al-
leged in the Bill of Complaint; that the mortgage
agreement between Plaintiff and Timothy Ross, de-
ceased, and the conveyance of the Natural Gas
Company of West Virginia to Timothy Ross was
placed on record in the office of the Clerk of the
County Court of Marshall County, on the 12th day
of February, 1918; that said mortgage agreement
has never been released of record by the Plain-
tiff.     *     *  .  *

"4.   That at the time of the judicial sale, to-wit,
October 9, 1920, at which Dunn Station Oil and
Gas Company, a corporation, Defendant, in this
cause purchased the property of The Loudensville
Oil and Gas Company, a corporation, Timothy
Ross was the President of said Dunn Station Oil
and Gas Company, a corporation, and that E. J.
Lesser was the Secretary and Treasurer of said
corporation; that they both attended the judicial
sale held at Loudensville, Marshall County, West
Virginia, on the property of said corpora-
tion.     *     *     *

"5.   That during its corporate existence The
Loudensville Oil & Gas Company never held any
record title to either the oil or gas rights under the
leases which it operated in Marshall County, West
Virginia.

"6.   That there was no attempt on the part of
the Plaintiff to enforce his mortgage in said Re-
ceivership proceeding; that he appeared with coun-
sel before the Commissioner in Chancery to whom
the cause had been referred and attempted to prove
the note of $15,000.00 dated December 22, 1915,
and signed by Timothy Ross as an obligation of The
Loudensville Oil and Gas Company.   That said
Commissioner in Chancery with respect to said
claim held: 'The claim of C. H. Hunter is repre-
sented by a note for $15,000.00 bearing date of De-
cember 22, 1915, signed by Timothy Ross.   The evi-
dence before me does not show that The Loudens-
ville Oil and Gas Company is liable for this
claim.' "

After the court had prepared a written opinion, sustain-
ing the defendant's plea of *res adjudicata* based upon the

proceedings in the former suit, the following decree, dated June 6, 1924, was entered in the cause:

> "This cause came on to be further heard this 3rd day of June, 1924, upon the papers formerly read herein; and the court having found against the plaintiff upon the pleading herein, as shown by its opinion herein handed down at this term of court and hereby made a part of the record herein to which plaintiff objects and excepts, and the plaintiff, now in open court and before any decree herein on the finding of the court tenders for filing herein his Amended Bill of Complaint to the filing of which Amended Bill of Complaint Walter A. McGlumphy, counsel for Dunn Station Oil and Gas Company, a corporation, Defendant objects. Whereupon the court is of the opinion to permit the Plaintiff to file his Amended Bill of Complaint to which action of the court the Defendant, Dunn Station Oil and Gas Company objects and excepts and moves the court to refuse to file the same. And the matters of law arising upon said motion of Defendant, Dunn Station Oil and Gas Company, a corporation, with respect to the filing of said Amended Bill of Complaint the court doth take time to consider."

The amended bill charges that, before the sale in the former suit, the Dunn Station Oil & Gas Company, in consideration of the plaintiff, C. H. Hunter, agreeing not to foreclose his mortgage, promised to pay said mortgage debt.

After the filing of the amended bill a petition for rehearing of the decree of June 6, 1924, was filed by plaintiff. A decree was entered February 2, 1925, filing the amended bill, and, upon a petition for a rehearing, setting aside and annulling the decree of June 6, 1924.

After taking of proof to sustain the allegations of the amended bill, on March 11, 1926, the court entered the final decree, appealed from.

We are of opinion that the decree complained of was proper on either the original or amended bills. Only the interest of The Loudensville Oil & Gas Company in the leaseholds was sold in the original suit.

The attempted conveyance by the special commissioner· of an indefeasible estate to the purchaser, Dunn Station Oil & Gas Company, was never confirmed by the court, and did not pass the title of the plaintiff. "If a special commissioner includes land in his deed which the decree did not authorize him to sell, and which was not sold, the grantee receives nothing more than a color of title to the land so included in the deed without authority." *Rolfe Coal Mining Company* v. *Matt Redden et al.*, 102 W. Va. 59.

The decree of June 6, 1924, was not an adjudication of the principles of the cause and was merely an interlocutory decree filing the plaintiff's amended bill, which was within the sound discretion of the court. *Dudley* v. *Niswander*, 65 W. Va. 461, 466; 1 Carlin's Hogg's Equity Pro., sec. 346; *Floyd* v. *Duffy*, 68 W. Va. 339.

The decree is affirmed.

*Affirmed.*