GEORGE ARTHUR PYLES

*v.*

IRA M. COINER, *Warden,* SUCCESSOR TO OTTO C. BOLES,
*Warden,* WEST VIRGINIA STATE PENITENTIARY

(No. 12735)

Submitted September 17, 1968.   Decided November 26, 1968.

474

*Charles W. Smith, C. Reeves Taylor,* for appellant.

*C. Donald Robertson,* Attorney General, *Leo Catsonis, James G. Anderson III,* Assistant Attorneys General, for appellee.

BERRY, PRESIDENT:

This is an appeal involving a habeas corpus proceeding from the Circuit Court of Mineral County, West Virginia. The case was submitted for decision of this Court at the Regular September Term 1968. It appears that several proceedings and hearings have been had in connection with this matter.

The appellant was indicted with another person by the grand jury of the Circuit Court of Mineral County, West Virginia, at the October, 1959, Term of said Court on a charge of burglary. On October 28, 1959, two attorneys were appointed by the Court as counsel to represent the appellant and his co-defendant. The appellant pleaded guilty to the indictment and was sentenced by the Court on October 28, 1959, to serve a term of from one to fifteen years in the penitentiary but the sentence was suspended and the appellant was placed on probation for a period of five years. On October 21, 1960, the appellant was given a notice to appear at a hearing for alleged violation of his probation at which time the court revoked the appellant's

probation and he was committed to the West Virginia Penitentiary to serve the term of from one to fifteen years to which he had been heretofore sentenced on October 28, 1959. He was also later released on parole but returned to confinement for violation thereof.

On April 27, 1967, the appellant filed the original petition in habeas corpus in connection with this matter instituting this proceeding in the Circuit Court of Mineral County, West Virginia. Our examination of the record discloses that on June 14, 1967, a final judgment was entered in vacation by the Circuit Court of Mineral County refusing to grant the appellant the relief prayed for in his petition. Notice of appeal of this final judgment was filed in the Circuit Court of Mineral County on June 28, 1967, and an additional attorney was appointed to represent the appellant in order to assist him in perfecting his appeal involving this proceeding in habeas corpus. However, the appeal was not pursued and perfected in this Court at that time and the petition for appeal in this case was not filed in this Court until February 27, 1968, which was more than eight months after the final judgment.

On September 20, 1967, during the next term of court after the entry of the final judgment of June 14, 1967, upon request of the appellant the court set aside the judgment of June 14, 1967, and granted leave for the appellant to file an amended petition in the same proceeding. An amended petition was filed on October 13, 1967, apparently setting out the same grounds as contained in the original petition with some additional matters contained therein which are not of particular importance.

Considerable evidence was taken and transcribed in connection with the hearings held from time to time in the Circuit Court in those proceedings which were signed by the court reporter but not signed by the court or judge and certified to the clerk. On December 4, 1967, the trial court again refused to grant the relief prayed for by the appellant after which a request for a rehearing was made by counsel for the appellant which apparently was based on a recent decision of the Supreme Court of the United States, and on

December 22, 1967, the motion for rehearing was refused and all the proceedings were presented on this appeal to this Court.

After a final judgment in extraordinary proceedings it is too late to amend the pleading. Code 56-4-24 provides that a pleading may be amended any time before a final judgment or decree. All judgments or decrees become final at the expiration of the term in which they are entered or after entry thereof in vacation and no amendment of pleadings can be made thereafter. 11 M. J., Judgments and Decrees, §118; Code 56-6-39; *State Road Commission* v. *Hereford,* 151 W. Va. 526, 153 S. E. 2d 501; *Hunter* v. *McNinch, Admr.,* 104 W. Va. 70, 138 S. E. 758; *Haskins* v. *Haskins,* 185 Va. 1001, 41 S. E. 2d 25. It was held in the second point of the syllabus of the *Hunter* case that: "A bill may be amended at any time before final decree, if, in the sound discretion of the court, the ends of justice demand it." This same principle dealing with post conviction habeas corpus proceedings is stated in Code 53-4A-6, as amended.

There is no contention but that the trial court's order of June 14, 1967, constituted a final judgment. See Code 53-4A-3, as amended. It has been repeatedly held that a final judgment cannot be set aside by a trial court after the term has adjourned or after entry thereof in vacation except for certain exceptions which are not applicable here. *Barbour County Court* v. *O'Neal,* 42 W. Va. 295, 26 S. E. 182; *Helms* v. *Greenbrier Valley Cold Storage Co.,* 65 W. Va. 203, 63 S. E. 1089; *Baker* v. *Gaskins,* 128 W. Va. 427, 432, 36 S. E. 2d 893; *Manypenny* v. *Graham,* 149 W. Va. 56, 138 S. E. 2d 724. It therefore appears that the Circuit Court of Mineral County could not set aside the final judgment previously entered on June 14, 1967, and that no amendment to the original petition should have been granted. The court's action in so doing was a nullity. *Manypenny* v. *Graham, supra; State Road Commission* v. *Hereford, supra.* The proper procedure in such cases would have been to have filed a new petition if there was some matter that may have afforded the petitioner relief not considered before the final judgment was entered in the proceeding. See Code 53-4A-1, as amended.

It should also be pointed out that the Rules of Civil Procedure do not apply to habeas corpus proceedings, Rule 81 (a) 5, R. C. P., and a bill of exceptions or certificate in lieu thereof is required in order to have the testimony made part of the record. See *Manypenny* v. *Graham, supra,* and *Pozzie* v. *Prather,* 151 W. Va. 880, 157 S. E. 2d 625. Where a bill of exceptions or certificate in lieu thereof is required the failure to obtain either of them within the time prescribed is jurisdictional and may be raised by this Court on its own motion. *Grottendick* v. *Webber,* 134 W. Va. 798, 61 S. E. 2d 854; *Montgomery* v. *Montgomery,* 147 W. Va. 449, 128 S. E. 2d 480; *Lester* v. *Rose,* 147 W. Va. 575, 130 S. E. 2d 80. This requirement is clearly stated in the first point of the syllabus of the *Pozzie* case wherein it is stated: "When a review of the final judgment of a circuit court rendered in a habeas corpus proceeding is prosecuted on writ of error in this Court, a bill of exceptions or a certificate in lieu thereof is required, pursuant to the provisions of Code, 1931, 56-6-35 and 36, in order to make the testimony upon which the judgment of the circuit court was based a part of the record for appellate purposes." Then, too, the post conviction habeas corpus statute, Code 53-4A-7 (b) specifically refers to such requirement in certain instances. It therefore appears from the record in the instant case that no petition for appeal was presented to this Court within the period of eight months as required by the statute, Code 58-5-4, as amended, and no bill of exception or certificate in lieu thereof was obtained in order to have the testimony considered by this Court. Therefore, this appeal was improvidently awarded. *Lloyd* v. *Kyle,* 26 W. Va. 534; *Sothen* v. *Continental Assurance Co.,* 147 W. Va. 458, 128 S. E. 2d 458.

This question is clearly stated in point one of the syllabus of the *Sothen* case in the following language: "Under Section 4, Article 5, Chapter 58, Code 1931, no appeal or writ of error can be entertained by this Court from any appealable judgment, decree or order which has been rendered more than eight months before a petition for appeal or writ of error was presented. An appeal or writ of error granted by this Court upon a judgment, decree or order rendered more than eight months prior to the presenting of the peti-

tion for such appeal to this Court will be dismissed as improvidently awarded."

For the reasons stated herein, the appeal of this habeas corpus proceeding from the final judgment of the Circuit Court of Mineral County is dismissed as having been improvidently awarded.

*Writ of error dismissed*
*as improvidently awarded.*