# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Asset Acceptance, LLC,**
**Plaintiff Below, Petitioner**

**FILED**

October 16, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 14-1265** (Mineral County 14-C-23)

**Walter Grove,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Asset Acceptance, LLC, by counsel Christopher A. Dawson, appeals the September 2, 2014, order of the Circuit Court of Mineral County, that vacated summary judgment in favor of petitioner and dismissed petitioner's claim against respondent. Respondent Walter Grove, by counsel Jason Sites, filed a response. Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner filed suit against respondent on February 28, 2014, seeking to collect on a delinquent credit card account that was assigned to petitioner by the original creditor, FIA Card Services, N.A. In response to the complaint, respondent filed a pro se answer in which he asserted that the claim was time-barred because the last transaction on the account occurred in March of 2008, and the complaint was served in March of 2014.

On or about May 14, 2014, petitioner filed a motion for summary judgment seeking judgment against respondent in the amount of $17,406.71. Petitioner asserted that none of the defenses raised by respondent were valid, and that the debt was not charged off[1] by the original creditor until March 31, 2009, and so the suit was timely filed within five years.

The circuit court held a hearing on petitioner's motion on June 5, 2014, granted petitioner's motion and entered judgment for the amount sought in petitioner's complaint. Respondent failed to appear at that hearing. On or about June 9, 2014, respondent filed a motion to reconsider on the grounds that he did not know the time of the hearing, and appeared late. The

---

[1] To "charge off" is an accounting term which means "to treat (an account receivable) as a loss or expense because payment is unlikely; to treat [an account receivable] as a bad debt." *Black's Law Dictionary* 283 (10th ed. 2014).

1

circuit court denied respondent's motion to reconsider after a hearing on July 17, 2014. Respondent did not file any other motions.

On September 2, 2014, the circuit court sua sponte entered a Final Order Altering Judgment, upon finding that petitioner's claim was time-barred as the five-year limitation period ran from the date of respondent's last payment and not the acceleration date cited by petitioner. The order dismissed petitioner's complaint with prejudice. On or about September 10, 2014, petitioner filed a motion to alter, amend or vacate judgment pursuant to Rule 59 of the West Virginia Rules of Civil Procedure. After a hearing on petitioner's motion, the circuit court denied petitioner's motion, finding that the five-year limitation period began after the last payment date and not the acceleration and charge off date. Petitioner appeals the order of the Circuit Court of Mineral County entered September 2, 2014, and November 6, 2014, that set aside final judgment and dismissed petitioner's claim with prejudice.

Requesting that this Court reverse the order of the circuit court and reinstate the original judgment, petitioner raises two assignments of error on appeal. Petitioner asserts that the circuit court lacked jurisdiction to set aside judgment, and that it erred as a matter of law in ruling that petitioner's complaint was time-barred. After careful consideration of the record and parties' arguments, this Court finds that the circuit court did not err in dismissing petitioner's claim.

We note that "'[t]his Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo*.' Syl. Pt. 4, *Burgess v. Porterfield*, 196 W.Va. 178, 469 S.E.2d 114 (1996)." Syl. Pt. 1, *Zikos v. Clark*, 214 W.Va. 235, 588 S.E.2d 400 (2003).

First, petitioner challenges the circuit court's jurisdiction to set aside the judgment. Petitioner argues that the court entered final judgment in favor of petitioner on June 5, 2014, and that because respondent did not appeal that order, the court's jurisdiction expired once respondent's right to appeal the ruling expired. Petitioner further asserts that pursuant to Rule 60 of the West Virginia Rules of Civil Procedure, the circuit court only retained jurisdiction to amend clerical errors, and that there is no provision in the West Virginia Rules of Civil Procedure that grants the circuit court jurisdiction to set aside a verdict sua sponte. We disagree, inasmuch as this Court has repeatedly held that a circuit court retains jurisdiction over final judgments entered until the expiration of the term of court in which the order was entered.

> "A trial court has the power in its discretion to modify, set aside or vacate any judgment or decree during the term in which it is rendered. This power must be exercised with a sound discretion and not in an arbitrary or capricious manner; and if the trial court has acted in the exercise of a sound discretion an appellate court will not interfere except for the most cogent reasons."

*Manypenny v. Graham*, 149 W.Va. 56, 64, 138 S.E.2d 724, 730 (1964) (citing *Parkersburg National Bank v. Neal*, 28 W.Va. 744 (1886)). *See also* Syl. Pt. 4, *Thompson v. Buffalo Land & Coal Co.*, 77 W.Va. 782, 88 S.E. 1040 (1916). ("A court has jurisdiction over its final decrees during the term at which they are made, and may set them aside at any time before adjournment.")

In the present matter, the order granting final judgment was entered in favor of petitioner during the May of 2014, Term of Court. The order dismissing petitioner's claim was entered on September 2, 2014, days before the beginning of the September of 2014, Term of Court, which commenced on September 8, 2015. As we have further explained, "'[a]ll judgments or decrees become final at the expiration of the term in which they are entered or after entry thereof in vacation.' Syllabus Point 1, *Pyles v. Coiner*, 152 W.Va. 473, 164 S.E.2d 435 (1968)." Syl. Pt. 1, *State ex rel. McClure v. Trent*, 202 W.Va. 338, 504 S.E.2d 165 (1998). "'The general rule is that a valid final judgment cannot be set aside by the trial court after the term has adjourned or after entry thereof in vacation.' Syllabus Point 2, *Pyles v. Coiner*, 152 W.Va. 473, 164 S.E.2d 435 (1968)." Syl. Pt. 2, *McClure*. Further, "[i]n the normal course of litigation, juridical policy strongly suggests that trial courts should be accorded initial opportunity to correct errors of both judicial and clerical nature." *Young v. Young*, 158 W.Va. 521, 527, 212 S.E.2d 310, 314 (1975). For these reasons, we find that petitioner's assignment of error has no merit, and that the circuit court properly retained jurisdiction to alter or amend the final order prior to the expiration of the term of court.

Petitioner's second assignment of error is that the circuit court erred as a matter of law in ruling that the statute of limitations expired before the filing of petitioner's complaint. The circuit court found that respondent's last payment on the account was on August 15, 2008, and that "the statute of limitations for a debt of this nature is from five years from the date of last payment." Finding that petitioner did not file suit until March 3, 2014, the circuit court revoked its prior judgment in favor of petitioner and dismissed the claim.

Petitioner asserts that the right to recover money as referenced in West Virginia Code § 55-2-6 refers to the date that the creditor charged off and accelerated the account. Petitioner claims that the circuit court erroneously relied upon language in West Virginia Code § 55-2-6, which states further, in part,

> [a]nd if it be upon any other contract, express or implied, within five years, *unless it be an action by one party against his copartner for a settlement of the partnership accounts or upon accounts concerning the trade or merchandise between merchant and merchant, their factors or servants, where the action of account would lie, in either of which cases the action may be brought until the expiration of five years from a cessation of the dealings* in which they are interested together[.]

W.Va. Code § 55-2-6 (emphasis added). Petitioner claims that the circuit court erroneously relied upon the "cessation of dealings" language within the statute, rather than relying upon when the right to bring suit actually occurred, and notes that the "cessation of dealings only refers to actions between partners, or accounts between merchants." Petitioner claims further that the circuit court erroneously chose to use the date of the last transaction between the parties, rather than the creditor's charge off date, in contravention of the statute.

Petitioner is correct, in that the "cessation of dealings" language contained in the statute refers to "actions between partners and accounts for merchants," however, petitioner's reliance upon the acceleration and charge off date as the date in which the limitation period began is

misplaced.[2] Petitioner has not cited any authority for its position that the limitation period began when it charged off respondent's account. To the contrary, this Court has held, "[w]ith regard to an account, whether an open, book, or running account, the general rule is that the statute of limitations ordinarily begins to run on the date that each credit charge is made in the absence of some express agreement between the parties." *Greer Limestone Co. v. Nestor*, 175 W.Va. 289, 292, 332 S.E.2d 589, 593 (1985).[3]

In the case sub judice, the record reflects that respondent's last purchase with the credit card took place on April 21, 2008. There is no evidence that the parties entered into any other agreement that would toll the date of the beginning of the limitation period. Moreover, there is no evidence that petitioner and respondent agreed that the statute of limitations would begin on the charge off date, and petitioner has cited no authority for its position that the limitation period begins at the time of acceleration and charge off. In the absence of some express agreement to the contrary, pursuant to *Nestor*, and West Virginia Code § 55-2-6, the limitation period began on April 21, 2008, and expired in April of 2013. Accordingly, the circuit court did not err in finding that petitioner's claim was barred by the tolling of the statute of limitations period, as petitioner did not file suit until February of 2014.

For the foregoing reasons, we affirm.

Affirmed.

---

[2] In its order entered on November 12, 2014, the circuit court accepted respondent's counsel's argument and found that the statute of limitations should begin from the date of the cessation of dealings with the parties. As discussed herein this finding is erroneous, as the cessation of dealings language refers to "actions between partners and accounts for merchants;" however, "'[i]t is permissible for us to affirm the granting of [dismissal] on bases different or grounds other than those relied upon by the circuit court.' *Gentry v. Mangum,* 195 W.Va. 512, 519, 466 S.E.2d 171, 178 (1995). *See Subcarrier Communications, Inc. v. Nield,* 218 W.Va. 292, 297, 624 S.E.2d 729, 734 (2005); *Aluise v. Nationwide Mut. Fire Ins. Co.,* 218 W.Va. 498, 504, 625 S.E.2d 260, 266 (2005)." *Hoover v. Moran*, 222 W.Va. 112, 119, 662 S.E.2d 711, 718 (2008). Accordingly, we affirm the decision of the circuit court on other grounds.

[3] The account at issue is considered an "open account." An "account" is "'a claim or demand by one person against another creating a debtor-creditor relation.' . . . An 'open account' is one that has not been settled by payment or has not become a stated account." *Greer Limestone Co. v. Nestor*, 175 W.Va. 289, 291-92, 332 S.E.2d 589, 592 (1985) (internal citations omitted). Further, an "open account" is defined as "(1) an unpaid or unsettled account, or (2) an account that is left open for ongoing debt and credit entries by two parties and that has a fluctuating balance until either party finds it convenient to settle and close, at which time there is a single liability." *Black's Law Dictionary* 22 (10th ed. 2014).

**ISSUED:**  October 16, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTED IN BY:**

Justice Robin Jean Davis